# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| AVENTURE COMMUNICATION TECHNOLOGY, L.L.C.., an Iowa corporation, | |
| Plaintiff, | No. C 10-4074-MWB |
| vs. | **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AND PLAINTIFF'S MOTION TO STAY PROCEEDINGS** |
| IOWA UTILITIES BOARD, Utilities Division, Department of Commerce; ROBERT B. BERNTSEN, KRISTA K. TANNER, and DARRELL HANSON, in their Official Capacities as Members of the Iowa Utilities Board and not as Individuals, | |
| Defendants, | |
| and | |
| VERIZON COMMUNICATIONS, INC., MCIMETRO ACCESS TRANSMISSION SERVICES, L.L.C., d/b/a Verizon Access Transmission Services, MCI COMMUNICATIONS SERVICES, INC., d/b/a Verizon Business Services; QWEST COMMUNICATIONS COMPANY, L.L.C., f/k/a Qwest Communications Corporation; AT&T COMMUNICATIONS OF THE MIDWEST, INC.; TCG OMAHA; and SPRINT COMMUNICATIONS COMPANY, L.P., | |
| Intervenors/Defendants. | |

_____

This matter is before the court on the September 17, 2010, Joint Motion To Dismiss (docket no. 73), filed by intervenors AT&T, Qwest, Sprint, and Verizon, and the September 17, 2010, Motion For Judgment On The Pleadings (docket no. 74), filed by defendants Iowa Utilities Board (IUB) and its members. After extensions of time to do so, plaintiff Aventure Communication Technology, L.L.C., (Aventure) filed Resistances (docket nos. 82 and 83) to these motions on November 5, 2010. This matter is also before the court on the October 1, 2010, Motion To Stay Proceedings (docket no. 75), filed by plaintiff Aventure. The defendants filed Resistances (docket nos. 77 and 78) to Aventure's Motion To Stay Proceedings on October 18, 2010.

Contrary to Aventure's contentions that the motion to stay proceedings should be granted, and ruling on the dispositive motions should be reserved until administrative proceedings are completed, the court finds it more efficient to resolve the dispositive motions before considering the motion to stay proceedings. This is so, because there is little point in staying proceedings on claims that would not survive a motion to dismiss or a motion for judgment on the pleadings.

In their motion, the intervenors seek to dismiss Aventure's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "for the same legal reasons that the Court rejected Aventure's motion for a preliminary injunction." Joint Brief Of Intervenors AT&T, Qwest, Sprint, And Verizon In Support Of Their Joint Motion To Dismiss (docket no. 73-1), 5. Similarly, the IUB and its members seek judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure essentially on the ground that "nothing has changed" since the court made its provisional rulings in its August 17, 2010, Memorandum Opinion And Order Regarding Aventure's Motion For Preliminary

2

Injunction (docket no. 61), that Aventure's claims are not viable, and the provisional conclusions in that ruling are still correct.

Aventure counters that a motion for judgment on the pleadings is not authorized before an answer has been filed and that the IUB and its members have not yet answered Aventure's Complaint. Aventure argues that a pre-answer motion for judgment on the pleadings must be treated as a summary judgment motion pursuant to Rule 56 of the Federal Rules of Civil Procedure, but the IUB and its members have not complied with applicable federal and local rules for a motion for summary judgment. Aventure is simply wrong on the first point: The IUB and its members filed an Answer (docket no. 62) to Aventure's Complaint on August 23, 2010, nearly a month before moving for judgment on the pleadings. Thus, Aventure's procedural bar to the Motion For Judgment On The Pleadings fails.

Aventure's resistances to the Motion To Dismiss and the Motion For Judgment On The Pleadings on the merits fare no better. Those resistances are based on contentions that, if some possible events occur, some harms contingent on such events might occur, which might breathe life into at least some of the claims that this court found in its ruling on Aventure's Motion For Preliminary Injunction were not viable *as a matter of law*. Thus, the defendants are correct that "nothing has changed," and Aventure's claims are still deficient *as a matter of law*. Under these circumstances, Aventure has failed to state claims upon which relief can be granted, and the Intervenors are entitled to dismissal of Aventure's claims pursuant to Rule 12(b)(6), *see Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, (8th Cir. 2008) ("Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate."), and the IUB and its members are likewise entitled to judgment as a matter of law pursuant to Rule 12(c), *see Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001) ("Judgment on the

pleadings is appropriate only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law.").[1] Consequently, for essentially the reasons stated in the intervenors' Motion To Dismiss and the defendants' Motion For Judgment On The Pleadings, those motions will be granted.

Where Aventure's claims are subject to dismissal, it follows that Aventure's motion to stay proceedings on those claims should be denied as moot.

THEREFORE,

1.      The September 17, 2010, Joint Motion To Dismiss (docket no. 73), filed by intervenors AT&T, Qwest, Sprint, and Verizon, is **granted**;

2.      The September 17, 2010, Motion For Judgment On The Pleadings (docket no. 74), filed by the Iowa Utilities Board (IUB) and its members, is **granted**; and

3.      The October 1, 2010, Motion To Stay Proceedings (docket no. 75), filed by plaintiff Aventure, is **denied as moot**.

---

[1] In *Ginsburg v. InBev NV/SA*, ___ F.3d ___, ___, 2010 WL 4226533, *3 n.3 (8th Cir. Oct. 27, 2010), the Eighth Circuit Court of Appeals noted that, "[a]s a general rule, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a 12(b)(6) motion to dismiss," but that the parties in that case had not addressed what would be the effect on this standard, if any, of the fact that defendants' Rule 12(c) motion was timely made after denial of the plaintiffs' motion for a preliminary injunction, which had generated a record outside the pleadings of some 400,000 document pages. Here, while the Motion For Judgment On The Pleadings, by the IUB and its members, also follows plaintiff Aventure's motion for a preliminary injunction, and proceedings on that motion generated substantial documentary evidence, the insufficiency of Aventure's claims was, and is, apparent from the *HVAS Order*, which was attached to Aventure's Complaint and was the center of the parties' controversy, and application of *legal* standards. Thus, while the procedural footing in this case is nominally the same as the procedural footing in *Ginsburg*, this case does not present the same "unusual procedural issue." *Id*.

4

This matter is dismissed in its entirety.  Judgment shall enter accordingly.

**IT IS SO ORDERED.**

**DATED** this 12th day of November, 2010.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA